BELSOME, J.,
concurs in part and dissents in part with reasons.
hi respectfully dissent from the majority opinion as it pertains to Maryland Casualty Company’s duty to defend Festival Productions, Inc. — New Orleans. Although *1254 MCC was not ultimately liable to provide coverage under the insurance policy, I find that MCC was obligated to defend FPINO.
Generally, the scope of the duty to defend under an insurance agreement is broader than the scope of the duty to provide coverage. Steptore v. Masco Constr. Co., 93-2064 (La.8/18/94), 643 So.2d 1213, 1218. Consequently, a court must examine the well-pled allegations of the plaintiffs petition to determine whether the plaintiffs allegations “unambiguously exclude[ ]” coverage. Id. Unless an unambiguous exclusion of all of the plaintiffs claims is shown, the duty to defend arises. Id. In instances where the pleadings disclose “even a possibility of liability” under the contract, the duty is triggered. Id.
At the time the claims in the instant case were asserted, there was a reasonable possibility that the claim was covered under the insurance policy between FPINO and MCC. The trial court’s initial summary judgment in favor of coverage illustrates this fact. Accordingly, MCC owed FPINO a duty to defend funder these circumstances. For these reasons, I would partially reverse the trial court’s judgment, and remand for further proceedings.